1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8
9

10 LATWAHN McELROY,                          1:07-cv-01747-LJO-SMS-PC

11              Plaintiff,                   ORDER REQUIRING PLAINTIFF TO
                                             EITHER FILE AMENDED COMPLAINT OR
                                             NOTIFY COURT OF WILLINGNESS TO
12      v.                                   PROCEED ONLY WITH EXCESSIVE FORCE
                                             CLAIM AGAINST DEFENDANTS DOE 3
13 VASQUEZ, et al.,                          AND DOE 4

14              Defendants.
                                             ORDER DISREGARDING PLAINTIFF'S
15                                           MOTION TO THE EXTENT IT IS A
                                             SUPPLEMENTAL COMPLAINT OR
16                                           SUPPLEMENT TO THE COMPLAINT
                                             (Doc. 5.)
17
_____/          THIRTY DAY DEADLINE
18

19        Plaintiff Latwahn McElroy ("plaintiff") is a state prisoner proceeding pro se and in forma

20 pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

21 November 28, 2007. (Doc. 1.)  On December 27, 2007, plaintiff filed a motion for immediate

22 injunctive relief.  (Doc. 6.)  On December 28, 2007, plaintiff filed a document in support of the

23 motion for injunctive relief and the complaint.  (Doc. 5.)

24 **I.      SCREENING REQUIREMENT**

25        The court is required to screen complaints brought by prisoners seeking relief against a

26 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27 court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1

1 monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2 "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4 claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5    "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

6 exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

7 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

8 short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

9 Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

10 claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may

11 dismiss a complaint only if it is clear that no relief could be granted under any set of facts that

12 could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff

13 will ultimately prevail but whether the claimant is entitled to offer evidence to support the

14 claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and

15 unlikely but that is not the test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting

16 Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171

17 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . .

18 .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal

19 pleading standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490

20 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply

21 essential elements of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin.,

22 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.

23 1982)).

24 **II.    SUMMARY OF COMPLAINT**

25    Plaintiff filed the complaint on November 28, 2007.  (Doc. 1.)  The events at issue

26 allegedly occurred at Kern Valley State Prison, where plaintiff is presently incarcerated.  Plaintiff

27 names as defendants Dr. Vazquez, Doe 1 (R.N.), Doe 2 (MTA), 7-9 additional Does (B-1 115

28 ASU Officials), and the Department of Corrections.

1    ***Medical Care - Dr. Vazquez***

2    Plaintiff alleges that on or about August 28, 2007, after a review with a medical

3    technician, plaintiff realized that his right foot and ankle trauma was caused by poor circulation

4    of the nerves and blood and from lack of appropriate treatment, which would include a back

5    supporting chair and a bed which elevates his leg.  Plaintiff alleges he made several requests to

6    the physician and Medical Appeals office, describing the deterioration of his foot.  Plaintiff

7    alleges that on September 27, 2007, he showed Dr. Vazquez the condition of his foot and also

8    told the doctor about a shoulder injury due to an altercation which caused plaintiff to suffer neck

9    and back pain and loss of use of his right leg.  Plaintiff alleges that Dr. Vazquez was coerced by

10   another officer to deny plaintiff use of medical appliances and medication which were prescribed

11   by another physician.  Plaintiff alleges that Dr. Vazquez only prescribed him extra milk and

12   magnesium citrate and refused to hear the rest of plaintiff's medical complaints.   Plaintiff alleges

13   he suffers pain and is forced to hop on one leg and has difficulty moving around from the toilet to

14   bunk area in his cell.  Plaintiff also alleges he cannot fully use his right hand or move his toes.

15   ***Assault***

16   Plaintiff alleges that on September 25, 2007, he was sent to Sgt. Hayden's office because

17   plaintiff's cell was stripped of bedding, sheets and blankets.  Plaintiff alleges that Sgt. Hayden

18   and a "doe officer" sat and watched as Sgt. Hayden ordered defendants Doe 3 and Doe 4

19   (Officers) "to get him outa here."  Plaintiff, who is disabled, alleges that Doe 3 and Doe 4 used

20   brutal and unnecessary force to pull him up out of his chair and held his walker in front of the

21   window to make it appear plaintiff was refusing to leave the office.  Plaintiff alleges Doe 3 and

22   Doe 4 assaulted him, intending to cause pain.  Plaintiff alleges Doe 3 and Doe 4 would not let

23   him out of the office.  Plaintiff alleges that Doe 3 attempted to swing at him while Doe 4 pulled

24   his head back, hit him, and pushed him into the window.  Plaintiff alleges Doe 3 and Doe 4 next

25   "bammed" his left shoulder repeatedly into the doorway, then pushed him into a non-medical

26   cage, hitting his shoulder again twice.  Plaintiff alleges he was then returned to his cell to lie

27   down on metal and concrete.

28   ///

1

***Medical Care/No Adequate Lunch or Dinner***

2      Plaintiff alleges that on September 28, 2007, he experienced acute back and shoulder pain

3  from attempting to stand, his back went out, and he again lost the use of his right leg.  Plaintiff

4  alleges that on September 29, 2007, he lost his balance using the toilet and going to breakfast,

5  falling at the door on his lunch sack.  Plaintiff alleges he could not get up to use the toilet and

6  was unable to move his shoulder and neck due to pain.  Plaintiff alleges he began to have fainting

7  spells from not having inhalers, and he had allergic reactions to the dust on the floor because an

8  officer confiscated his medication.  Plaintiff alleges he had to be carried out of his cell and was

9  "negligently" examined by Doe 1 (R.N.) who refused to call the doctor or send him to an outside

10 hospital when the prison physician was not available.  Plaintiff alleges Dr. Vazquez and Doe 1

11 refused to give him treatment or an inhaler, and he was carried back to his cell without adequate

12 lunch or dinner.

13

***Personal Property***

14      Plaintiff alleges defendants denied him access to his personal property, including a

15 prisoner regulations manual, legal papers, a pen, newspaper, and other personal documents and

16 records.  Plaintiff also alleges defendants refused to provide him with a cell search receipt.

17

***Prison Conditions***

18      Plaintiff alleges his toilet was clogged from dropping a roll of toilet paper into it, and on

19 September 29, 2007, officers saw the toilet was clogged and failed to call maintenance workers

20 or unplug the toilet.  Plaintiff alleges that for three weeks defendants refused to provide plaintiff

21 with a toothbrush.  Plaintiff alleges he was not able to adequately use the toilet, and he only had

22 one pair of boxer shorts, which were soiled.  Plaintiff also alleges he has missed several meals

23 because of his inability to move around.

24 **IV.   PLAINTIFF'S CLAIMS IN THE COMPLAINT**

25      The Civil Rights Act under which this action was filed provides:

26           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
27           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
28           law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . .  creates a cause of action for violations of the federal

Constitution and laws."  Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997)

(internal quotations omitted).  "To the extent that the violation of a state law amounts to the

deprivation of a state-created interest that reaches beyond that guaranteed by the federal

Constitution, Section 1983 offers no redress."  Id.

### A.    Linkage Requirement

### *Defendant Doe 2 (MTA)*

Section 1983 plainly requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976).  "A person deprives another of a constitutional right, where that person 'does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which [that

person] is legally required to do that causes the deprivation of which complaint is made.'"

Hydrick v. Hunter, 500 F.3d 978 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743

(9th Cir. 1978)).  "[T]he 'requisite causal connection can be established not only by some kind of

direct, personal participation in the deprivation, but also be setting in motion a series of acts by

others which the actor knows or reasonably should know would cause others to inflict the

constitutional injury.'"  Id. (quoting Johnson at 743-44).

Plaintiff has failed to link defendant Doe 2 (MTA) with any affirmative act or omission.

Therefore, plaintiff fails to state a claim against defendant Doe 2 (MTA) under § 1983.

### A.    Eleventh Amendment Immunity

### *Defendant Department of Corrections*

Plaintiff names the [California] Department of Corrections ("CDC") as a defendant.

Plaintiff may not sustain an action against a state agency.  The Eleventh Amendment prohibits

federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur

Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (citation omitted); see also

Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer

Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939

1   F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well

2   as those where the state itself is named as a defendant.  See Natural Resources Defense Council

3   v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor

4   v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was

5   a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community

6   College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the CDC is a state agency, it is

7   entitled to Eleventh Amendment immunity from suit.  Therefore, plaintiff fails to state a claim

8   against defendant CDC.

9           **B.     Eighth Amendment Conditions of Confinement**

10          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

11  conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v.

12  Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

13  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

14  personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v.

15  Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Prison officials have a duty to take reasonable steps to

16  protect inmates from physical abuse.  Id. at 1250; Farmer v. Brennan, 511 U.S. 825, 833 (1994).

17  To establish a violation of this duty, the inmate must establish that prison officials were

18  deliberately indifferent to a substantial risk of serious harm to the inmates's safety.  Id. at 834.

19  The deliberate indifference standard involves an objective and a subjective prong.  First, the

20  alleged deprivation must be, in objective terms, "sufficiently serious . . . ."  Id. (citing Wilson v.

21  Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

22  an excessive risk to inmate health or safety."  Id. at 837.

23          Plaintiff alleges defendants knew about his clogged toilet and failed to fix it, refused to

24  provide him with a toothbrush, and failed to provide him with clean boxer shorts.  Plaintiff also

25  alleges he was not given adequate lunch or dinner on September 29, 2007, and he has missed

26  other meals due to his inability to move around.  However, as to these allegations, plaintiff has

27  not alleged facts against any individual defendant demonstrating the defendant knew of and

28  disregarded an excessive risk to his health or safety,  "A plaintiff must allege facts, not simply

1   conclusions, that show that an individual was personally involved in the deprivation of his civil

2   rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Therefore, as to the

3   allegations described herein, plaintiff fails to state a claim against any defendant for adverse

4   conditions of confinement under § 1983.

5           **D.**       **Eighth Amendment Medical Care**

6          With respect to medical care, negligence is insufficient to support a claim for violation of

7   the Constitution.  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Rather, to constitute cruel and

8   unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the

9   wanton and unnecessary infliction of pain." Rhodes, 452 U.S. at 347.  A prisoner's claim of

10  inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1)

11  "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'"

12  and (2) "the prison official 'acted with deliberate indifference in doing so.'"  Toguchi v. Chung,

13  391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir.

14  2002) (citation omitted)).  A prison official does not act in a deliberately indifferent manner

15  unless the official "knows of and disregards an excessive risk to inmate health or safety."

16  Farmer, 511 U.S. at 834.  Deliberate indifference may be manifested "when prison officials deny,

17  delay or intentionally interfere with medical treatment," or in the manner "in which prison

18  physicians provide medical care."  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992),

19  overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)

20  (en banc).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must

21  have led to further harm in order for the prisoner to make a claim of deliberate indifference to

22  serious medical needs.  McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State

23  Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

24         "A difference of opinion between a prisoner-patient and prison medical authorities

25  regarding treatment does not give rise to a s 1983 claim."  Franklin v. Oregon, 662 F.2d 1337,

26  1344 (9th Cir. 1981) (internal citation omitted).  To prevail, plaintiff "must show that the course

27  of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . .

28  that they chose this course in conscious disregard of an excessive risk to plaintiff's health."

1   Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  Moreover, a

2   difference of opinion between medical personnel regarding treatment does not amount to

3   deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

4        Plaintiff's alleges that Dr. Vazquez failed to adequately treat his foot and ankle, failed to

5   renew prescriptions and continue treatment recommended by another physician, and refused to

6   listen to plaintiff's complaints.  These allegations, without more, are not sufficient to state a

7   claim against Dr. Vazquez for violation of plaintiff's Eighth Amendment rights to medical care.

8   Plaintiff has not alleged facts demonstrating that Dr. Vazquez knew of and disregarded an

9   excessive risk to plaintiff's health.  With regard to defendant Doe 1 (R.N.), plaintiff's allegations

10  that Doe 1 "negligently" examined him, refused to call a physician, and failed to send him to an

11  outside hospital, without more, do not rise to the level of an Eighth Amendment violation.

12  Therefore, plaintiff fails to state a cognizable claim for inadequate medical care under the Eighth

13  Amendment against defendants Dr. Vazquez or Doe 1 (R.N.).  The court will provide plaintiff

14  with an opportunity to amend the complaint.

15      **E.**    **Excessive Force**

16      ***Defendants Doe 3 and Doe 4 (Officers)***

17      "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

18  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ."  Hudson

19  v. McMillian, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim

20  is . . . contextual and responsive to contemporary standards of decency."  Id. (internal quotation

21  marks and citations omitted).  The malicious and sadistic use of force to cause harm always

22  violates contemporary standards of decency, regardless of whether or not significant injury is

23  evident.  Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth

24  Amendment excessive force standard examines de minimis uses of force, not de minimis

25  injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause

26  of action."  Id. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments

27  necessarily excludes from constitutional recognition de minimis uses of physical force, provided

28  ///

8

that the use of force is not of a sort 'repugnant to the conscience of mankind." Id. at 9-10
(internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation
of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was
applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
cause harm." Id. at 7. "In determining whether the use of force was wanton and unnecessary, it
may also be proper to evaluate the need for application of force, the relationship between that
need and the amount of force used, the threat reasonably perceived by the responsible officials,
and any efforts made to temper the severity of a forceful response." Id. (internal quotation
marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth
Amendment inquiry, but does not end it." Id.

Plaintiff, who is disabled, alleges that defendants Doe 3 and Doe 4 (Officers) assaulted
him with intent to cause pain, using brutal and unnecessary force to pull him up out of his chair,
hitting him, pushing him into the window, and "bamm[ing]" his shoulder into the doorway, while
escorting him out of Sgt. Hayden's office.

These allegations are sufficient to state a claim for relief under section 1983 against
defendants Doe 3 and Doe 4, for excessive force under the Eighth Amendment. Therefore,
plaintiff states a cognizable claim against defendants Doe 3 and Doe 4.

**F.    Sgt. Hayden and the "officer doe" who sat and watched**

The complaint does not clearly indicate whether plaintiff intends to include Sgt. Hayden
and/or "officer doe" as defendants in this action. Plaintiff alleges that "Sgt. Hayden and an
officer doe sat and watched" as Sgt. Hayden ordered defendants Doe 3 and Doe 4 to remove
plaintiff from Sgt. Hayden's office. Plaintiff does not specifically name Sgt. Hayden as a
defendant, and it is not clear whether "officer doe" is meant to be a doe defendant. In light of
this uncertainty, plaintiff shall be given an opportunity to amend the complaint.

///

///

///

1    **H.    Due Process Clause**

2        *Procedural*

3    Plaintiff alleges that his personal property was taken by defendants, and defendants will

4    not provide him with a cell search receipt.  The Due Process Clause protects prisoners from being

5    deprived of property without due process of law, Wolff v. McDonnell, 418 U.S. 539, 556 (1974),

6    and prisoners have a protected interest in their personal property.  Hansen v. May, 502 F.2d 728,

7    730 (9th Cir. 1974).  However, while an authorized, intentional deprivation of property is

8    actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984)

9    (citing Logan v. Zimmerman Brush Co., 455 U.S. 422 (1982)); Quick v. Jones, 754 F.2d 1521,

10    1524 (9th Cir. 1985), neither negligent nor unauthorized intentional deprivations of property by a

11    state employee "constitute a violation of the procedural requirements of the Due Process Clause

12    of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."

13    Hudson, 468 U.S. at 533.

14    Plaintiff has not alleged sufficient facts for the court to determine whether the deprivation

15    was authorized or unauthorized.  Further, in the event that the deprivation was authorized and

16    therefore actionable under section 1983, plaintiff has not alleged any facts suggesting that he was

17    deprived of due process.  As long as plaintiff was provided with process, prison officials may

18    deprive him of his property.   Therefore, plaintiff fails to state a claim against any of the

19    defendants for violation of his rights to procedural due process.

20        *Substantive*

21        "To establish a violation of substantive due process . . . , a plaintiff is ordinarily required

22    to prove that a challenged government action was clearly arbitrary and unreasonable, having no

23    substantial relation to the public health, safety, morals, or general welfare.  Where a particular

24    amendment provides an explicit textual source of constitutional protection against a particular

25    sort of government behavior, that Amendment, not the more generalized notion of substantive

26    due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d

27    868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117

28    S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998).  Plaintiff has not

1  alleged any facts that would support a claim that his rights under the substantive component of

2  the Due Process Clause were violated.

3  **V.      SUPPLEMENT TO COMPLAINT**

4          On December 27, 2007, plaintiff filed a motion for immediate injunctive relief.[1]  On

5  December 28, 2007, plaintiff filed a document entitled "Motion for Supplement of Justice

6  Doctrine and in Remedy at Equity Supplement/Support of Preliminary Injunction and

7  Complaint," in which plaintiff provides information in support of his motion for injunctive relief

8  and his complaint.  A party may only file a supplemental complaint with leave of court.  Fed. R.

9  Civ. P. 15(d).  Here, plaintiff has not requested, nor been granted, leave of court to file a

10  supplemental complaint.  Therefore, to the extent the information in the December 28, 2007

11  motion is a supplemental complaint or a supplement to the complaint, it shall be disregarded.

12  **VI.     CONCLUSION AND ORDER**

13          Plaintiff's complaint states a cognizable claim for relief for violation of the Eighth

14  Amendment under section 1983 against Doe 3 and Doe 4 (Officers) who allegedly assaulted

15  plaintiff on September 29, 2007.  However, plaintiff's complaint does not state a claim under

16  section 1983 against any other defendant.  The court will provide plaintiff the opportunity to file

17  an amended complaint, if plaintiff wishes to do so.

18          If plaintiff does not wish to file an amended complaint and is agreeable to proceeding

19  only against Doe 3 and Doe 4 for assaulting him, plaintiff may so notify the court in writing, and

20  the court will issue a Findings and Recommendations recommending that all other defendants be

21  dismissed from this action, and will forward plaintiff two summonses and two USM-285 forms

22  for completion and return.  Upon receipt of the forms, the court will direct the United States

23  Marshal to initiate service of process.

24          In the event that plaintiff does wish to file an amended complaint, plaintiff is advised that

25  an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d

26  1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

27

28          [1]The court shall address this motion in another order.

11

1    "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.

2    Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not

3    alleged in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v.

4    Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

5          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

6    conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

7    Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

8    each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

9    is some affirmative link or connection between a defendant's actions and the claimed

10   deprivation.  Rizzo, 423 U.S. at 362; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

11   Johnson, 588 F.2d at 743.

12         Based on the foregoing, it is HEREBY ORDERED that:

13   1.    The Clerk's Office shall send plaintiff a § 1983 civil rights complaint form;

14   2.    Within **thirty (30) days** from the date of service of this order, plaintiff must

15         either:

16         a.    File an amended complaint curing the deficiencies identified by the court

17               in this order, or

18         b.    Notify the court in writing that he does not wish to file an amended

19               complaint and wishes to proceed only against Doe 3 and Doe 4 (Officers)

20               on his Eighth Amendment excessive force claim;

21   3.    Plaintiff's motion filed on December 28, 2007 is disregarded to the extent it is a

22         supplemental complaint or a supplement to the complaint; and

23   4.    If plaintiff fails to comply with this order, this action will be dismissed for failure

24         to obey a court order.

25   IT IS SO ORDERED.

26   **Dated:    April 16, 2008**              **/s/ Sandra M. Snyder**
                                         UNITED STATES MAGISTRATE JUDGE

27

28