# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>VAZQUEZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:07-cv-01747-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 5, 6)<br><br>OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

　　　　Plaintiff Latwahn McElroy ("plaintiff") is a state prisoner at Kern Valley State Prison, and is proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On December 27, 2007, plaintiff filed a motion and supporting documentation seeking immediate preliminary injunctive relief. (Docs. 5,6.)

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable

injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

Plaintiff seeks a preliminary injunction to obtain immediate medical treatment for his right foot and ankle, which he alleges are deteriorating due to poor circulation. Plaintiff alleges that his medical condition will worsen without immediate treatment including medications, adequate nutrition, strength training, medical devices, and treatment at an outside medical facility. Plaintiff also seeks immediate return of personal and legal property which he alleges was taken from him by defendants.

In a separate order issued concurrently with this Findings and Recommendations, the court found that plaintiff fails to state any claims under § 1983 for inadequate medical care or for denial of access to his property. Plaintiff has been given leave to amend to cure the deficiencies addressed by the court in the order. Thus, at this point in time, there is no case or controversy before the court regarding plaintiff's medical care or access to property, and the court has no jurisdiction to issue any preliminary injunctions in relation to such claims. Until and unless the court finds that plaintiff has stated cognizable claims for relief under section 1983 for inadequate medical care and denial of access to property, the court will not have jurisdiction to issue any orders awarding the relief plaintiff seeks.

Further, plaintiff is cautioned that "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted)

(emphasis in original).  Even if plaintiff's complaint had been found to state claims for relief for denial of access to property and constitutionally deficient medical care, and one or more defendants had already appeared in this action, plaintiff did not meet his burden as the moving party and would not be entitled to the relief he seeks.  Plaintiff has not "demonstrate[ed] a significant threat of irreparable injury," "a fair chance of success of the merits, or questions serious enough to require litigation."  Therefore, an injunction should not issue, and plaintiff's motion should be denied.  Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for immediate injunctive relief, filed December 27, 2007, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   April 16, 2008**              /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE