# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY, Plaintiff, v. VASQUEZ, et al., Defendants. / | 1:07-cv-01747-SMS-PC<br>ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO EXHAUST (Doc. 33.)<br>ORDER DISMISSING CASE IN ITS ENTIRETY<br>ORDER FOR CLERK TO CLOSE CASE |

## I. BACKGROUND

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the California State Prison Sacramento, in Represa, California ("CSP-Sacramento"). Plaintiff filed the complaint on November 28, 2007. (Doc. 1.) This action now proceeds on Plaintiff's complaint, against defendants Correctional Officer ("C/O") Stailey and C/O Cope ("Defendants") for use of excessive force against Plaintiff in violation of the Eighth Amendment.[1] (Doc. 17.) The parties to this action have consented to the jurisdiction of a United States Magistrate Judge, and on September 11, 2009, this case was reassigned to the undersigned for all further proceedings, including trial and final judgment. (Docs. 8, 34, 35.)

On May 8, 2009, Defendants filed a motion to dismiss this action for failure to exhaust. (Doc. 33.) On December 31, 2009, Plaintiff filed an opposition to the motion.[2] (Doc. 40.) Defendants have not filed a reply to Plaintiff's opposition. Defendants' motion to dismiss is now before the Court.

---

[1] All other claims and defendants were dismissed from this action by the Court on November 30, 2008. (Docs. 20, 22.)

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on December 8, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 24.)

## II. STATUTORY EXHAUSTION REQUIREMENT

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical procedural rules . . . ." is required, Woodford v. Ngo, 548 U.S. 81, 90 (2006), and may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Id. at 83-84.

The PLRA requires a prisoner to exhaust "such administrative remedies as are available" before suing over prison conditions. 42 U.S.C. § 1997e(a). The Booth court held that the PLRA requires administrative exhaustion even where the grievance process does not permit award of money damages and prisoner seeks only money damages, as long as the grievance tribunal has authority to take some responsive action. Booth, 532 U.S. at 732. "The meaning of the phrase 'administrative remedies ... available' is the crux of the case." Id. at 731. In discussing the meaning of the term "remedy," the court noted that "depending on where one looks, 'remedy' can mean either specific relief obtainable at the end of a process of seeking redress, or *the process itself*, the procedural avenue leading to some relief." Id. at 738. (emphasis added.) Thus, the court determined that the language of the statute, which requires that the "available" "remed[y]" must be "exhausted" before a complaint under § 1983 may be entertained, refers to "exhaustion" of the *process available*. Id. at 738-739. (emphasis added.) It follows, then, that if an inmate exhausts the process that is made available to him, he has satisfied the requirement of the statute.

A grievance is insufficient if it does not alert "the prison to the nature of the wrong for which redress is sought." Griffin v. Arpaio, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (citing Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)).

///

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 215-16 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Id. at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### III. ALLEGATIONS AGAINST DEFENDANTS

Plaintiff's allegations against Defendants C/O Stailey and C/O Cope are based on an incident occurring on September 25, 2007, at Kern Valley State Prison in Delano, California ("KVSP"), while Plaintiff was incarcerated there. Plaintiff alleges as follows.

On September 25, 2007, Plaintiff was sent to Sergeant Hayden's office because Plaintiff's cell was stripped of bedding, sheets and blankets. Sergeant Hayden and a "doe officer" sat and watched as Sgt. Hayden ordered C/O Stailey and C/O Cope "to get him outa here." C/O Stailey and C/O Cope used brutal and unnecessary force to pull him up out of his chair and held his walker in front of the window to make it appear he was refusing to leave the office. C/O Stailey and C/O Cope assaulted Plaintiff, intending to cause pain. C/O Stailey and C/O Cope would not let him out of the office. C/O Stailey attempted to swing at him while C/O Cope pulled his head back, hit him, and pushed him into the window. C/O Stailey and C/O Cope next "bammed" his left shoulder repeatedly into the doorway, then pushed him into a non-medical cage, hitting his shoulder again twice. Plaintiff was then returned to his cell to lie down on metal and concrete.

### IV. MOTION TO DISMISS FOR FAILURE TO EXHAUST

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal.Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at §

3084.2(a). Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford, 548 U.S. at 85; McKinney v. Carey, 311 F.3d. 1198, 1199-1201 (9th Cir. 2002).

### *Defendants' Motion*

Defendants argue that this action should be dismissed for Plaintiff's failure to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (MTD, Doc. 33-2 at 2:1-3.) Defendants argue that Plaintiff did not file a grievance at KVSP or obtain a Director's Level decision for the alleged September 25, 2007 assault. (Id. 4:12-17, 5:4-6.) Defendants submit a declaration by D. Tarnoff, Appeals Coordinator at KVSP, in which Tarnoff declares under penalty of perjury that he thoroughly searched the records at KVSP for the period between September 1, 2007 and December 31, 2007, and found only five grievances filed by Plaintiff and accepted during that time period, attached as exhibits. (Tarnoff Decl. ¶¶7, 8.) Tarnoff further found that none of the five appeals sets forth any grievance that KVSP staff used excessive force or assaulted Plaintiff on September 25, 2007. (Id. ¶¶9-13.) Defendants also submit a declaration by N. Grannis, Chief of the Inmate Appeals Branch ("IAB"), who conducted a search of the records and found no evidence that Plaintiff obtained a Director's Level decision for any of the five appeals. (Grannis Decl. ¶¶12-14.) Grannis found that only one of the five appeals was even submitted to the Inmate Appeals Branch, where it was screened out on the basis it was not submitted within fifteen working days. Id.

### *Plaintiff's Opposition*

In his verified opposition, Plaintiff claims he attempted to exhaust his remedies, but Defendants failed to return the 602 forms which were sent to the library to be copied the week of February and March 3, 2008. (Opp'n at 1:9-12.) Plaintiff claims he sent several 602's to be copied, some which were third level 602's, including the 602 in which he complained of assault. (Id. at 1:14-15.) Plaintiff claims he was transferred from KVSP to CSP-Sacramento on March 6, 2008, and the

4

paperwork was never returned or transferred to him until December 21, 2009. (Id. at 1:15-18, 2:4-9.) Plaintiff claims that he was unable to appeal to the next level because Defendants withheld his paperwork. (Id. at 2:8-9.)

Plaintiff also claims he filed appeal KVSP-07-02470 complaining that C/O Cope and Does repeatedly traumatized and assaulted him on the dates of May 21, 2007, September 25, 2007, and October 24, 2007. (Id. at 2:11-13.) As evidence, Plaintiff submits a copy of appeal KVSP-07-02470, signed by Plaintiff on October 25, 2007 and stamped received at the first level on November 20, 2007. (Exh 2, Doc. 40 at 4.)

### *Discussion*

Plaintiff's complaint now proceeds only on the allegations that on September 25, 2007, defendants C/O Cope and C/O Stailey assaulted him, using excessive force against Plaintiff in violation of the Eighth Amendment. (Docs. 20, 22.) The Court has examined the five appeals by Plaintiff found by the Appeals Coordinator at KVSP and concurs with Defendants' finding that none of them concerns the allegations in the complaint against Defendants. Appeal KVSP-07-02034 concerns complaints about diet; appeal KVSP-07-02077 concerns medical issues; appeal KVSP-07-02522 concerns medical and living conditions; appeal KVSP-07-02293 concerns toilet facilities; and appeal KVSP-07-02470 concerns living conditions and acts by staff during dates in May, September, and October, 2007. (Exh. A-E to Tarnoff Decl.) Although appeal KVSP-07-02470 makes mention of "those officers who assaulted me" and the date "9-25," this appeal concerns staff members removing his personal property, locking him in the shower, making threatening remarks, calling him names, and failing to repair toilet facilities, and does not concern staff assaulting him. (Exh. E to Tarnoff Decl.) The action requested by Plaintiff in the appeal is for prison officials to remove the offending staff members from his vicinity and recover his personal property. Id. This grievance is insufficient to alert the prison to an assault by staff. Moreover, the appeal was not exhausted, because it was only processed through the first formal level, where it was partially granted. Defendants have also shown that only one of the five appeals was submitted to the Director's Level, where it was screened out as untimely. (Grannis Decl. ¶¶12-14; Exh. E to Tarnoff Decl.)

///

Plaintiff's argument that Defendants defeated his attempts to exhaust when they failed to return forms in February or March 2008 is unavailing, because February 2008 was already too late to exhaust before filing the instant lawsuit in November 2007.

The Court also reviewed Plaintiff's complaint but found no further evidence of exhaustion.[3] Defendants have presented sufficient evidence showing that Plaintiff did not follow the required process pursuant to § 3084.1 et seq. to satisfy § 1997e(a), and Plaintiff has provided no evidence to the contrary. Therefore, Defendants are entitled to dismissal of this action in its entirety.

## V.     CONCLUSION

Defendants have met their burden of demonstrating that Plaintiff failed to exhaust his remedies prior to filing suit, in compliance with § 1997e(a). Defendants have shown an absence in the official records of any evidence that Plaintiff filed an inmate appeal pursuant to Title 15 of the California Code of Regulations § 3084.1, et seq., concerning Plaintiff's allegations in the complaint against Defendants in this action, before filing this lawsuit. Plaintiff has not submitted evidence of any appeals that satisfy the exhaustion requirement.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed May 8, 2009, is GRANTED;
2. This case is DISMISSED in its entirety, based on Plaintiff's failure to exhaust administrative remedies before filing suit; and
3. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:     February 5, 2010**                     /s/ Sandra M. Snyder
                                                                       UNITED STATES MAGISTRATE JUDGE

---

[3] In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Plaintiff signed the complaint under penalty of perjury. Therefore, Plaintiff's opposition to the motion to dismiss is based in part on the evidence in his complaint.