UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATWAHN McELROY,<br><br>      Plaintiff,<br><br>  vs.<br><br>VASQUEZ, et al.,<br><br>      Defendants. | 1:07-cv-01747-SMS-PC<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR RECONSIDERATION<br><br>(Doc. 50.) |

## I.   BACKGROUND

Plaintiff Latwahn McElroy ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on November 28, 2007. The parties to this action consented to the jurisdiction of a United States Magistrate Judge, and on September 11, 2009, this case was reassigned to the undersigned for all further proceedings, including trial and final judgment. (Docs. 8, 34, 35.)

On February 8, 2010, this case was dismissed in its entirety, based on Plaintiff's failure to exhaust administrative remedies before filing suit. (Doc. 44.) On March 29, 2010, Plaintiff filed a motion for reconsideration of the Court's order of February 8, 2010 dismissing this action. (Doc. 50.) Plaintiff's motion for reconsideration is now before the Court.

1

## II. MOTION FOR RECONSIDERATION

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j).

## III. DISCUSSION

Plaintiff first argues that the case should be reopened so that he can amend the complaint to delete the unexhausted claims. Even if the case were reopened, such option is unavailable because all of the claims remaining in the complaint at the time the case was dismissed were unexhausted.

Plaintiff next argues that the case should be reopened so that he can seek counsel.

Finally, Plaintiff argues that he was unable to complete the appeals process at the prison because prison staff failed to return forms to him in a timely manner. This matter was addressed in the Court's order of February 8, 2010 and has been resolved.

Plaintiff has not shown any "new or different facts or circumstances" or "other grounds" to justify reconsideration of the Court's order dismissing this action. Therefore, the motion for reconsideration shall be denied.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on March 29, 2010, is DENIED.

IT IS SO ORDERED.

**Dated:   April 1, 2010**          /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

2